## DURDEN *v.* TRUBEE, for use.

94a 725
.102 590

By an order passed in term, on September 16th, a motion for a new trial was set for a hearing during the next week at the superior court of an adjoining county, and the movant was allowed "until the hearing" to make out and file a brief of the evidence. On September 22d, an order was passed postponing the hearing of the motion till September 28th, and allowing the movant till that time "to perfect the brief of evidence." On September 29th, it was ordered that the hearing of the motion be postponed till October 13th, and that movant have until then to "prepare and submit the brief of evidence, without prejudice to the right of the other side to move to dismiss the motion on the ground that the brief of evidence had not been prepared as theretofore required." No brief of evidence was ever filed or submitted to the court until October 13th, and the motion for a new trial was then dismissed for want of a brief of evidence.

There was no error in dismissing the motion. The order of September 22d limited the time within which the brief of evidence might be filed to September 28th. The court had no authority to pass the order of September 29th, and even if rightly granted, it expressly preserved the right of respondent to move to dismiss the motion for a new trial for failure to file in time the brief of evidence, as required by previous order.        *Judgment affirmed.*
August 14, 1894.

Motion for a new trial. Before Judge JENKINS. Morgan superior court. September term, 1893.

J. H. HOLLAND, for plaintiff in error.

FOSTER & BUTLER, *contra.*

94b 725
95  567

## ADAMSON *v.* MELSON.

A case was tried in December, 1892, during the September adjourned term of the superior court, and at that term an order was passed reciting that a motion for a new trial had been filed, and allowing movant "until the third Saturday in January, 1893, and until such time as may be then designated by the court, in which to perfect his motion and prepare a copy of the written and brief of the oral testimony in said case." On the day last named, the hearing of the motion was, by a consent order, continued until the fourth day of February. The hearing was then, by another consent order, again continued until the March term, 1893, of the

court. Neither of these consent orders designated expressly any time within which the brief of evidence might be filed or approved, or made any reference whatever to this subject. At the March term there was a motion to dismiss the motion for a new trial, and an order was then passed continuing the hearing of the motion for a new trial until the September term of the court, with leave to respondent to renew his motion to dismiss. This order also extended the movant's time for having the brief of evidence approved and filed, until the September term. It does not appear that this was consented to by the respondent in the motion, but it was not excepted to by him. At the September term the hearing of the motion was again continued until the 16th of October, in vacation, "the movant to be in no way prejudiced by the delay." On that day it was again continued, "with all rights reserved to both sides," until November 11th, when the motion to dismiss the motion for a new trial was overruled, and a new trial was granted. The motion to dismiss recites that a brief of evidence was filed in the clerk's office August 29th, 1893, but it does not appear that the same was ever approved before November 11th, the time when the motion was heard and disposed of. Under the facts recited, the two continuances by consent carried the whole matter into open court at March term; the order granted at that term did the same with reference to the September term, and the orders granted at the latter term and subsequently thereto are susceptible of a construction which would carry the whole matter down to November 11th, the time when the motion was actually heard and decided in vacation. The presiding judge having by his action adopted this construction, it was no abuse of discretion for him to approve the brief of evidence at that time, no actual injustice as to the merits of the litigation, so far as appears, having resulted from his so doing; and it was not error to refuse to dismiss the motion for a new trial.   *Judgment affirmed.*
August 31, 1894.

Motion for a new trial. Before Judge RICHARD H. CLARK. Clayton superior court. September term, 1893.

G. D. STEWART and WATTERSON & KIMSEY, for plaintiff in error.   JOHN L. DOYAL, *contra.*

---

## DAVIS *v.* McDADE.

In view of the fact that the presiding judge in granting the injunction required a bond with security to be given for the forthcoming of the property levied upon to answer the final judgment, it is not